Johnson, C. J. This is an application to supersede an execution. The grounds relied upon are that the judgment having been obtained against the petitioners in the name and favor of Thomas S. Drew, as, and in the capacity of, Governor of Arkansas, and as the successor of Archibald Yell, late Governor of said State, and that, after the resignation of said Drew, and whilst Richard C. Byrd was the acting Governor, an execution was taken out in the name of said Drew. The position taken by the counsel for the petitioners is, that no execution could lawfully issue after the resignation of Drew, without a revivor in the name of his successor; and that, consequently, the one issued in this case is a mere nullity. To this doctrine we cannot yieldour assent. The mere circumstance of the resignation of Drew cannot operate so as to destroy, or even to impair in any degree, the force and effect of the judgment. True, it is, that the obligation is made payable to the governor and his successors in office in terms, yet it is in legal effect executed to the State of Arkansas in her corporate capacity. The 4th section of the act of 1840, declares “that the following terms, in all cases, shall govern the sale of said lands, to wit: on a credit of one, two, three, four, and five years: all of which payments shall be secured by the execution of writings obligatory by the several purchasers thereof with two good and sufficient securities, which said writings obligatory shall be made payable to the governor of the State of Arkansas and his successors in office.” If the objection taken be sustainable, it must be upon the ground that Thomas S. Drew, in whose name the judgment was originally rendered, being officially dead, that, therefore, no execution can legally issue in his name. Here the inquiry is directly presented as to the necessity of the use' of the name of the acting governor and, in case it shall be disclosed, as to the legal effect of such disclosure. The act does not require the obligations to be made payable to Archibald Yell, or to Thomas S. Drew, or to any other individual, but merely and simply to the governor of the State of Arkansas and his successors in office. This being the case, it cannot be essential that the proper name of the governor should be disclosed either in the obligation or in the judgment based upon it. If the name of the officer should be expressed in the obligation, it would not be regarded as any thing more than a mere personal description, and, in contemplation of the law, it would be considered as payable to the governor by name and description of the name of his office. If this construction be correct, and that it is we consider clear, then it is that although the particular individual who was the acting governor at the time be either officially or naturally dead, yet the corporation of the State, the party really and beneficially interested, is still fully competent to execute the judgment. According to this construction, the name of the governor, either in the obligation or in the judgment, must be regarded as mere sur-plusage, and, -consequently, though essential in the execution as descriptive of the judgment, yet, in law, it can have no other force or effect whatever. Under this view of the law, we think that the, execution is well sustained, and that consequently it ought not to be suspended.